## UNITED STATES DISTRICT COURT

## OF LOUISIANA

| | | |
|---|---|---|
| **ROSEMARIE ROBERTSON WIFE OF/AND ROGER BLAIS** | * | **CIVIL ACTION NO.:** |
| **versus** | * | **SECTION:** |
| **LARRY JEAN BOYD, FIVE STAR TRANSPORT, LLC, AND AMERICAN INTER-FIDELITY EXCHANGE** | * | **MAG.** |

## NOTICE OF REMOVAL

Defendants Five Star Transport, LLC (hereafter "Five Star") and American Inter-Fidelity Exchange (hereafter "AIFE") file this Notice of Removal pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, and hereby remove this matter from the Docket of the Civil District Court for the Parish of Orleans, State of Louisiana, to the docket of this Honorable Court.

### I.

On January 8, 2016, Rosemarie Robertson wife of/and Roger Blais filed this lawsuit against Larry Jean Boyd, Five Star, and AIFE in the Civil District Court for the Parish of Orleans, State of Louisiana, bearing Case No. 2016-229 and entitled *"Rosemarie Robertson wife of/and Roger Blais versus Larry Jean Boyd, Five Star Transport, LLC, and American Inter-Fidelity Exchange*." (Attached as Exh. A).

### II.

The Petition seeks damages arising out of a January 30, 2015 automobile accident occurring on Tchoupitoulas Street in the Parish of Orleans, State of Louisiana.  Robertson's alleged damages include: physical pain and suffering; mental anguish; permanent disability; medical expenses, past, present, and future; loss of income, past, present, and future; loss of

1

earning capacity; loss of enjoyment of life; loss of consortium, services, and society; and loss of all other reasonable damages.  Exh. A, para. 5.

### III.

On May 18, 2016[1], Five Star and AIFE received discovery responses from Robertson that included itemized expenses totaling $78,430.28.  Attached as Exh. B.  The Interrogatories and Requests for Production of Documents propounded by Five Star and AIFE are attached as Exh. C.

### IV.

Robertson's discovery responses constitute "other paper" under 28 U.S.C. 1446(b)(3) because the responses are writings that constitute a voluntary act by the plaintiff that makes the case removable.  *Chapman v. Powermatic, Inc*., 969 F.2d 160, 163 (5th Cir. 1992)( answer to an interrogatory constitutes "other paper").  The responses were received on May 18, 2016, thus this petition for removal is timely under 28 U.S.C. § 1446(b).

### V.

**Procedural History:**

On February 23, 2016, Five Star and AIFE filed a Notice of Removal removing this matter from the Civil District Court for the Parish of Orleans to the United States District Court Eastern District of Louisiana, Section "G," No. 2016-1547.  Notice of Removal, ECF No. 1.  Judge Brown issued an order requiring Five Star and AIFE to submit a memorandum outlining how the suit meets the jurisdictional amount in controversy requirements set forth in 28 U.S.C. §1332.  Order, March 10, 2016, ECF No. 6.

---

[1] The date stamp at the bottom of the page indicating receipt on May 18, 2015 is in error.  The stamp dial was mistakenly turned.  The discovery responses were in fact received on May 18, 2016.

236/238.0008

Five Star and AIFE filed their memoranda in accordance with the court's Order.  Mem., March 23, 2016, ECF No. 7.  In support of their memorandum, Five Star and AIFE attached medical records showing Robertson underwent surgery after this incident to repair a tear in her left shoulder, and the medical bills total $56,816.90.  *Id.*, Exh. 1, attached here as Exh. B.  At the time of the first removal, that was the only documentation Five Star and AIFE had of Robertson's alleged damages.

On June 2, 2016 Judge Brown remanded the case back to the Civil District Court for the Parish of Orleans.  Remand Order, ECF No. 9.  In her Order, Judge Brown stated:

> Defendants allege medical expenses of $56,816.90.37 The general damages in this case are too speculative for the Court to find by a preponderance of the evidence that they would exceed $18,183.10 in order for them to satisfy the amount in controversy requirement. Although the categories of damages that Plaintiffs list could potentially bring the amount in controversy over $75,000, the Fifth Circuit has explained that "[a] 'could well' standard sounds more like a 'possibility' standard of proof, rather than a 'more likely or not' standard." (*Id.*, 7).

## VI.

Since Robertson's discovery responses establish that the amount in controversy is greater than $75,000, Five Star and AIFE now desire to have this cause removed from the docket of the Civil District Court for the Parish of Orleans, State of Louisiana, to the docket of the United States District Court for the Eastern District of Louisiana, under the provisions of 28 U.S.C. § 1332 *et seq*. and 28 U.S.C. §1446, *et seq*.  Removal is proper, as outlined below:

## I.    REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332.

### VII.

"A federal district court has subject matter jurisdiction over a state claim when the amount in controversy is met and there is complete diversity of citizenship between the parties." *Mumfrey v. CVS Pharm., Inc.*, 719 F.3d 392, 397 (5th Cir. 2013)(citing 28 U.S.C. § 1332(a)).

### A.    THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

### VIII.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days "of the defendant's receipt of a document from which it may ascertain that the case is, or has become, removable." *Mumfrey v. CVS Pharm., Inc.*, 719 F.3d 392, 398 (5th Cir. 2013)(citing 28 U.S.C. § 1446(b)). Answers to interrogatories constitute "other paper" under 28 U.S.C. § 1446(b). *Chapman*, 969 F.2d at 163.

### IX.

Here, it is evident that the amount in controversy exceeds seventy-five thousand and no/100 ($75,000.00) dollars, exclusive of interest and costs, based on Robertson's discovery responses. (Exh. B). In her Petition for Damages, Robertson claims a number of categories of damages. Five Star and AIFE sent a set of discovery requests requesting more information on each of her claims:

### 1. Medical Expenses:

To satisfy their burden of proof concerning the amount in controversy, Five Star and AIFE attached medical records to their jurisdictional memorandum that showed Robertson underwent surgery after this incident to repair a tear in her left shoulder, and that the medical bills received by defendants at that time totaled $56,816.90. (Exh. D, ECF No. 7 at Exh. 1).

According to the Court's remand order, that number was insufficient proof that the amount in controversy exceeds $75,000.  Remand Order, ECF No. 9 at 7.

Robertson's discovery responses show that her medical expenses have grown to $77,868.85.  She provided $18,517.65 additional medical bills as attachments.  (Exh. B at 120-21, 132, 144-46).  They break down as follows:

| Provider | Charges | Cite |
|---|---|---|
| Touro | $1,627.00 | *Id.* at 120. |
| Touro | $2,534.65 | *Id.* at 121. |
| PT Associates | $650.00[2] | *Id.* at 132. |
| Tulane Univ. Med. Grp. | $9,242.00[3] | *Id.* at 144-45. |
| Parish Anes. Of Tulane | $4,464.00[4] | *Id.* at 146. |
| **Total** | $18,517.65 | |

Robertson also claims she has incurred $2,534.30 in out-of-pocket medical expenses on top of the amounts reflected in the bills she has provided to date.  (Exh. B, 4-7).

The additional $18,517.65 in medical bills and $2,534.30 in out-of-pocket expenses bring Robertson's total itemized medical expenses to $77,868.85.  This figure is not a final amount. First, there are still bills that have not yet been received from some of Robertson's treatment providers.  For example, AIFE and Five Star do not have any bills for Robertson's post-operative physical therapy, which has been accruing for about five months.  (Exh. B at 6-7).  Second, Robertson is still treating.

The Court's Order remanding this case suggested that information related to Robertson's present medical condition and anticipated future medical treatment would be useful in confirming

---

[2] The total charges are $770.00, however the $120.00 amount paid by the patient was already included in Robertson's itemized out-of pocket expenses.

[3] The $276.86 figure shown at the bottom of the page is only the patient's amount due.  The total under the column entitled "charges" is $9,242.00.  No payments for this treatment were included in Robertson's out-of-pocket expenses, therefore all changes are counted in the total.

[4] The $64.57 figure shown at the bottom of the page is only the patient's amount due.  The total under the column entitled "charges" is $4,464.00.  No payments for this treatment were included in Robertson's out-of-pocket expenses, therefore all changes are counted in the total.

236/238.0008

the amount in controversy requirement.  (Remand Order, ECF No. 6 at 6).  Robertson's discovery

responses provide that information:

> **INTERROGATORY NO. 10:**  If you have not fully recovered from all your injuries, state in what respects you are still affected by them.
>
> (Exh. C at 4).
>
> **ANSWER TO INTERROGATORY NO. 10:**  Left Shoulder and Left Arm, Tricep and Bicep never stopped hurting. Plaintiff was initially advised to have surgery, but she wanted to try a more conservative approach by continuing with PT. Although Plaintiff was improving somewhat with the PT, her strength and mobility were still reduced. Plaintiff subsequently had to undergo left shoulder surgery on January 11, 2016, and she continues to undergo PT therefrom.
>
> (Exh. B at 3).
>
> **INTERROGATORY NO. 11:**  By whom and when were you last examined or given medical attention for the injuries received in this accident.
>
> (Exh. C at 4).
>
> **ANSWER TO INTERROGATORY NO. 11**:  Plaintiff was last examined by Dr. Felix Savoie, Orthopaedist, on 04/18/16. Her next office visit with Dr. Savoie is scheduled for 05/24/16. In the meantime, Plaintiff continues to undergo PT at Southshore Rehab.
>
> (Exh. B at 3).
>
> **INTERROGATORY NO. 13:**  Pursuant to the Louisiana Code of Civil Procedure, Article 893, please state the following:
> a. The damages sought in this action by you;
> b. The duration of any personal injuries for which damages are sought in this case by you;
> c. The specific monetary amount of damages sought in this case by you.
> d. The good faith amount of the monetary value of your total damages in this case.
>
> (Exh. C at 4).

236/238.0008

**ANSWER TO INTERROGATORY NO. 13:**
a) Payment of all medical bills and other charges past, present and future caused by the MVA of 01/30/15 as well for pain and suffering past, present, and future, mental anguish, loss of earnings, loss of consortium, service, and society;
b) Left Shoulder continues to require additional PT;
c-d) To be determined upon completion of all treatment. Plaintiff further reserves the right to supplement and/or amend this answer at a later date.

(Exh. B at 13).

Therefore, in addition to her medical expenses totaling $78,430.28, Robertson continues

to incur charges for additional physical therapy treatment.

**2.  Mileage**

Robertson's answers to interrogatories indicate she claims mileage costs of $561.43.

(Exh. B at 8).

**3.  Lost Income**

Robertson's Petition seeks damages for "loss of income, past, present, and future."  (Exh.

A at para. 5).  Five Star and AIFE asked:

**INTERROGATORY NO. 6:**  Are you making a claim for lost wages or loss of earning capacity (past or future)? If so, state the name and address of employer, rate of pay and dates you were prevented from working because of the injuries you claim in this lawsuit and the amount of wages you claim.

(Exh. C at 3).

Robertson responded:

**ANSWER TO INTERROGATORY NO. 6:** Yes. Time missed going to and from doctor's appointments, time missed due to surgery, and time missed due to subsequent rehabilitation following surgery; Employer: State of Louisiana, 1450 Poydras St., Ste. 21450, New Orleans, LA 70112, (504) 568- 8310; Title: Program Monitor: Earnings $27,61 [sic] per hour. Total Amount Of Lost Wage Claim to be determined at a later date. Plaintiff will seasonably supplement this answer at a later date.

7

(Exh. B at 2-3).

The tax returns attached to Robertson's responses verify that her wages the year before the accident were $91,833.00.  (Exh. B at 154).  Based on her annual income, if Robertson works five days a week, her daily wage is approximately $382.64.  While no specific amount of time has been designated, Robertson attends physical therapy now three times a week, in addition to the day(s) she missed for surgery (Exh. B at 2-3, 4-7),

### 4.  Diminution of Credit Rating

Robertson's answers to interrogatories allege that defendants are also liable for diminution of her credit rating, which resulted from unpaid medical bills for treatment she attributes to the accident at issue.  (Exh. B at 11).  The value of this item of damages has no yet been quantified.

In sum, Robertson's discovery responses indicate a specific monetary amount that satisfies the amount in controversy requirement, i.e., itemized expenses of $78,430.28 (medical expenses plus mileage), as well as information pertaining to her as yet unquantified lost wage claim and claim for diminution in her credit rating, on top of her petition's allegations that general damages are also owed for physical pain and suffering, mental anguish, permanent disability, loss of enjoyment of life, and loss of consortium, services, and society.

### X.

Additional evidence that the amount in controversy exceeds $75,000 stems from the AIFE insurance policy from which Robertson seeks payment for her alleged damages.  The coverage limit on the insurance policy issued to Five Star is **one million dollars** (**$1,000,000**).  When the dispute in controversy concerns the coverage provided by an insurance policy, the object of the litigation is the insurer's total potential liability, including the insurer's contractual liability under

8

that policy plus any penalties allowed by state law. *Buras v. Birmingham Fire Ins. Co. of Penn.*, 327 F.2d 238, 238-239 (5th Cir. 1964).

## XI.

Five Star and AIFE requested that Robertson sign a binding stipulation renouncing her right to accept a judgment in excess of $75,000 by correspondence on June 8, 2016.  (Exh. E). No response has been received yet.

## XII.

While AIFE and Five Star admit no liability for any element of damages, AIFE and Five Star have met their burden of establishing that the amount in controversy for plaintiff, Rosemarie Robertson's claims exceeds $75,000, exclusive of interest and costs.

## XIII.

This court has supplemental jurisdiction over the claims of plaintiff, Roger Blais, pursuant to 28 U.S.C. § 1367, as he seeks damages only for loss of consortium, services, and society that he alleges result from Robertson's injuries from the accident at issue.

**B.     COMPLETE DIVERSITY EXISTS**

## XIV.

Plaintiff, Rosemarie Robertson and Roger Blais, are citizens of and domiciled in the State of Louisiana.

## XV.

Defendant, Larry Jean Boyd, is a resident of and domiciled in the State of Mississippi.

236/238.0008

XVI.

Defendant, Five Star, is a foreign corporation organized under the laws of the State of Indiana, and with its principal place of business in the State of South Carolina.  Therefore, Five Star is a citizen of the State of Indiana and the State of South Carolina.  28 U.S.C. § 1332(c)(1)

XVII.

Defendant, AIFE, is a foreign insurer with its principal place of business in the State of Indiana. Therefore, AIFE is a citizen of the State of Indiana. 28 U.S.C. § 1332(c)(1)

XVIII.

Accordingly, there is complete diversity of citizenship between plaintiffs and defendants.

XIX.

This is a civil action over which the United States District Court for the Eastern District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332 et seq., as the amount in controversy, exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and complete diversity exists between all adverse parties now and at the time of filing.

## II.   **FIVE STAR AND AIFE HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL**

XX.

AIFE is a foreign insurer and is diverse.  Five Star is a foreign corporation and diverse.

XXI.

Five Star received a copy of the Petition for Damages by certified mail on February 2, 2016.  AIFE received a copy of the Petition for Damages by e-mail from Five Star on February 3, 2016. AIFE was served through the Secretary of State on January 20 and 22, 2016.  Five Star and

236/238.0008

AIFE join in this notice of removal.  Five Star and AIFE previously filed an answer in Federal Court.  The answer is attached as Exh. E.

### XXII.

Larry Jean Boyd has not been properly served under Louisiana law or F.R.C.P. 4.  The Petition for Damages was sent to an address where Larry Jean Boyd did not reside at the time it was delivered.  The process was received by Boyd's ex-wife, who gave it to him sometime during the week of February 8, 2016.  Plaintiff filed an affidavit of service in state court.  It is attached as Exh. F.  That filing is insufficient to effect personal jurisdiction over Boyd.

### XXIII.

Robertson's responses to Interrogatories and Requests for Production of Documents were received by AIFE and Five Star on May 18, 2016.  Thus, this petition for removal is timely under 28 U.S.C. § 1446(b).

### XXIV.

Jurisdiction is founded on diversity jurisdiction under 28 U.S.C. § 1332, which grants federal courts concurrent original jurisdiction over claims where the amount in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and is between citizens of different states.

### XXV.

The Civil District Court for the Parish of Orleans, State of Louisiana is located within the Eastern District of Louisiana pursuant to 28 U.S.C. § 98(a).  Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

11

XXVI.

Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition for Damages served on Five Star is attached as Exh. A.  The Interrogatories, Request for Production of Documents, and Request for Admissions served with the Petition for Damages are included in Exhibit A.  All other served pleadings were made in federal court before remand.

XXVII.

Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon all adverse parties and a copy is being filed with the Clerk of Court for the Civil District Court for the Parish of Orleans, State of Louisiana.

XXVIII.

The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

**WHEREFORE,** Defendants Five Star Transport, LLC and American Inter-Fidelity Exchange pray that the above numbered and entitled cause of action on the docket of the Civil District Court for the Parish of Orleans, State of Louisiana, be removed from said court to the docket of the United States District Court for the Eastern District of Louisiana, and for all other general and equitable relief.

Respectfully submitted,
**s/ James R. Nieset, Jr.**
**JAMES R. NIESET, JR. (24856)**
**KRISTOPHER M. GOULD (33860)**
**KELSEY L. JARRETT (35844)**
Porteous, Hainkel & Johnson
704 Carondelet Street
New Orleans, LA  70130-3774
Telephone:  (504) 581-3838
jnieset@phjlaw.com
kgould@phjlaw.com
kjarrett@phjlaw.com

12

## CERTIFICATE OF SERVICE

**I DO HEREBY CERTIFY** that on June 16, 2016, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

**Rosemarie Robertson wife of/and Roger Blais**
*Through their attorney of record:*
Kenneth W. Andrieu
Kenneth W. Andrieu & Associates
4311 S. Prieur St.
New Orleans, LA 70125
(504) 421-2120
kandrieu11@cox.net

The following have been served a copy of the foregoing pleading on counsel via United States mail, properly addressed and first class postage prepaid: n/a

s/ James R. Nieset, Jr._____
JAMES R. NIESET, JR.

13

236/238.0008